# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ABDUL NUR SHAKUR, | ) |
| Petitioner, | ) |
| vs. | ) Civil No. 96-0384-CV-W-9-FJG |
| | ) Crim. No. 88-00208-01-CR-W-9 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Pending before the Court is Petitioner Abdul Nur Shakur's pro se motion to vacate his conviction (Doc. No. 33). Petitioner makes this request pursuant to Federal Rule of Civil Procedure 60(b). Notably, petitioner has filed numerous previous § 2255 motions raising similar claims to those raised in the present motion.[1] In the pending motion, petitioner asserts that (1) the judgment is void and rendered without subject matter jurisdiction; (2) Count One of the indictment did not allege the amount of drugs charged; (3) the § 924 charge fails because petitioner merely possessed the firearm; and (4) petitioner is entitled to relief under United States v. Booker, 543 U.S. --, 125 S.Ct. 738 (2005).

As discussed by respondent, Rule 60(b) of the Federal Rules of Civil Procedure applies only to civil cases and does not provide for relief from judgment in a criminal case. See United States v. Eggleston, 24 Fed. Appx. 656, 2002 WL 57265 (8th Cir. 2002); United

---

[1] As detailed in respondent's brief, petitioner filed his first § 2255 motion on April 6, 1996, and the relief requested in that motion was denied in part and granted in part by Order dated September 5, 1997. See Case No. 96-0384-CV-W-9. On October 12, 1999, petitioner filed another § 2255 petition, which was denied without prejudice. See Case No. 99-00984-CV-W-HFS. On August 20, 2004, petitioner filed another § 2255 petition, which was dismissed for lack of jurisdiction. See Case No. 04-00741-CV-W-HFS. On February 25, 2005, petitioner filed a petition for relief under § 2241 or 2255, which was dismissed without prejudice. See Case No. 05-3076-CV-S-RED.

States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Davis, 930 F.2d 919, 191 WL 529000 (6th Cir. 1991).

Although petitioner states that he is seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a careful reading of his petition indicates that he is in fact challenging his sentence. This challenge ought to have been made under 28 U.S.C. § 2255. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will also construe the pending motion as one for habeas relief under 28 U.S.C. § 2255.

As petitioner has filed numerous previous requests for habeas relief, the pending motion must be reviewed as his second or successive § 2255 motion. Federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must first obtain from the appropriate court of appeals an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2255, 2244(b)(3)(A). Movant has not obtained the required authorization.

Furthermore, a successive § 2255 motion will not be certified by the panel of the appropriate court of appeals unless it contains a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255.

The pending motion is silent on newly discovered evidence. Instead, movant argues that the recent Booker ruling should be retroactively applied to his sentence. For a new rule to be retroactive to cases on collateral review for purposes of a § 2255 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). The Eighth Circuit recently held that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Accordingly, because movant has (1) failed to obtain authorization from the Eighth Circuit to proceed, and (2) failed to make a *prima facie* showing of either of the grounds for collateral review under § 2255, his petition for relief must be dismissed.

For all the reasons stated above, it is hereby **ORDERED** that movant's pro se motion to vacate his conviction (Doc. No. 33) is **DENIED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   October 27, 2005
Kansas City, Missouri

3